UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JERRY RAY SCOTT,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL ESCALANTE and CATHERINE ESCALANTE, husband and wife, and their marital community;<br><br>STATE OF WASHINGTON; WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES; JANE DOES AND JOHN DOES 1-10, individually and acting under color of state law; JANE DOES AND JOHN DOES 11-20, as agents of the State of Washington and/or Washington State Department of Social and Health Services; THE UNITED STATES OF AMERICA; BUREAU OF INDIAN AFFAIRS, AN AGENCY OF THE DEPARTMENT OF THE INTERIOR; INDIAN HEALTH SERVICE, AN AGENCY OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES; THE DEPARTMENT OF HEALTH AND HUMAN SERVICES and JANE DOES AND JOHN DOES 21-30, as agents of the United States of America and its agencies,<br><br>Defendants. | No. C04-5819RBL<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS |

**SUMMARY**

This matter is before the court on Defendant United States' Motion to Dismiss [Dkt. # 21]. The

ORDER        1

United States argues that Plaintiff Scott's action is time barred under the relevant statute of limitations. Scott argues that the statute was tolled because he was unaware of the harms resulting from the alleged tortious action of the Escalantes in 1984. The Court has considered the pleadings filed in support of and in opposition to the motion, and the remainder of the file herein.

**Factual and Procedural History**

In 1983, Scott was placed in a foster care home with Defendants Michael and Catherine Escalante. He and his sister were in the custody of the Quinault Indian Tribal Court when they were placed in the Escalante's home. Scott alleges that he and his sister were physically and sexually abused and that this abuse was the cause of his sister's death in 1984. The extent of Scott's alleged abuse is disturbing. The events of Scott's tragic childhood are not challenged by the Defendant's Motion to Dismiss, however.

The United States argues the timing of Scott's action is dispositive. Scott brought the action in October 2003, almost 20 years after he was removed from the custody of the Escalantes. He filed an administrative claim for damages with the Bureau of Indian Affairs, an agency of the Department of the Interior (DOI). DOI denied his claim. Scott then brought this action. He alleges that only after receiving professional counseling did he discover his injury. The United States argues that the delay in Scott's reaction to the events of 1983 and 1984 deprives this court of subject matter jurisdiction. They then filed a Motion to Dismiss.

**Motion to Dismiss**

A complaint must be dismissed under Fed.R.Civ.P. 12(b)(1) if, considering the factual allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or controversy within the meaning of the Constitution; or (3) is not one described by any jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962); *D.G. Rung Indus., Inc. v. Tinnerman*, 626 F.Supp. 1062, 1063 (W.D. Wash. 1986); *see* 28 U.S.C. §§ 1331 (federal

question jurisdiction) and 1346 (United States as a defendant).  When considering a motion to dismiss pursuant to Rule 12(b)(1), the court is not restricted to the face of the pleadings, but may review any evidence to resolve factual disputes concerning the existence of jurisdiction.  *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988), *cert. denied*, 489 U.S. 1052 (1989); *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983).  A federal court is presumed to lack subject matter jurisdiction until plaintiff establishes otherwise.  *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).  Therefore, plaintiff bears the burden of proving the existence of subject matter jurisdiction.  *Stock West*, 873 F.2d at 1225; *Thornhill Publishing Co., Inc. v. Gen'l Tel & Elect. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

Plaintiff Scott has met his burden.  He has brought a claim under the Federal Torts Claims Act, which, when the facts are construed in the light most favorable to him as the non-moving party, grants this Court subject matter jurisdiction.

The FTCA is a statutory waiver of the United States' sovereign immunity.  Under the FTCA, a plaintiff must bring his claim to the appropriate agency within two years of when it accrued.  28 U.S.C. § 2401(b). The United States argues the claim had long since "accrued" for purposes of the statute.  They argue that Scott's abuse falls under the general rule, which holds that the claim accrues at the time of plaintiff's injury. *See Davis v. United States,* 642 F.2d 328, 330 (9th Cir. 1981), *cert. denied*, 455 U.S. 919 (1982). Under the United States argument, Scott's injury accrued no later than the last day the Escalantes had custody of him, which was February 4th, 1984.  Consequently, argues the United States, the statute of limitations expired in February of 1986.  Scott brought his claim to the Bureau of Indian Affairs on October 6, 2003, which, argues the United States, makes his claim time-barred under the FTCA.

The United States argument is too limited.  It does not account for a scenario like Scott's. Scott alleges that although the abuse occurred up until 1984, he was only cognizant of his injury in 2003.  That is, he alleges to have discovered the injury only in 2003.  A claim does not accrue until the injured party

ORDER                                3

discovers both the existence and cause of the injury. *United States v. Kubrick,* 444 U.S. 111, 119-220 (1979). This rule, the discovery rule, applies to FTCA claims. *Simmons v. United States,* 805 F.2d 1363 (9th Cir. 1986). Under the discovery rule, Scott's claim was timely filed when the facts are construed in the light most favorable to him, as the non-moving party. Therefore, it is **ORDERED** that Defendant United States' Motion to Dismiss is **DENIED**. The Clerk is directed to send uncertified copies of this Order to the Clerk of the Pierce County District Court, and to all counsel of record.

DATED this 3rd day of June, 2005

/s/ Ronald B. Leighton

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE